68

UNITED STATES of America,
Appellee,

v.

Angelo CRUZ, Defendant–Appellant.

No. 05–1533–cr.

United States Court of Appeals,
Second Circuit.

Dec. 28, 2007.

Celeste L. Koeleveld, Assistant United States Attorney (Benjamin M. Lawsky, Assistant United States Attorney, on the brief) for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Robin C. Smith, Brooklyn, NY, for Appellant.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Angelo Cruz appeals from a judgment of conviction entered after he pleaded guilty to participating in a conspiracy to manufacture, distribute and possess with intent to manufacture and distribute 500 grams and more of methamphetamine, in violation of 21 U.S.C. §§ 812, 841, 841(a)(1), 841(b)(1)(A). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Cruz pleaded guilty pursuant to a plea agreement in which he stipulated, *inter alia*, that he would not appeal nor otherwise challenge any sentence within or below the agreed upon applicable Sentencing Guidelines range of 235 to 293 months. Judge Jones sentenced Cruz principally to 235 months of imprisonment.

Cruz argues on appeal that his plea was invalid because he entered it in reliance on his trial counsel's erroneous advice that he would face a life sentence if he were to go to trial and lose. Because facts at issue in the case could well have yielded a Guideline range of life imprisonment, counsel cannot be faulted for advising her client of that probability. Nevertheless, to secure

relief, Cruz must show that but for counsel's presentation of the life sentence as inevitable rather than probable, he would not have accepted a plea offer that provided for him to receive the 235–month sentence that he is presently serving. *See United States v. Monzon,* 359 F.3d 110, 119–20 (2d Cir.2004) (quoting *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The credibility of such a claim is far from obvious. We conclude that, because "the record does not permit assessment of the claim of ineffective assistance and its potential effect on the appeal waiver, the defendant's undertaking not to appeal will be provisionally enforced...." *United States v. Oladimeji,* 463 F.3d 152, 155 (2d Cir.2006). "If the rule were otherwise, a defendant who secured the benefits of a plea agreement by, *inter alia,* knowingly and voluntarily waiving the right to appeal could escape the fairly bargained-for appeal waiver by the simple expedient of asserting an ineffective-assistance-of-counsel claim that had no merit." *Id.* (quoting *United States v. Monzon,* 359 F.3d at 119). We do not foreclose, however, the possibility of Cruz raising his ineffective-assistance claim as a whole in a collateral challenge to his conviction, for such a claim, if proven by a habeas petition, would "cast doubt on the enforceability of the appeal-waiver provision." *Id.*

Accordingly, the judgment of conviction is AFFIRMED.